**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN SHICOBRA YOUNG,

                Plaintiff,                No. 9:16-CV-612
                                  (FJS/CFH)

      v.

MR. RUSSO,

                Defendant.

---

**APPEARANCES:**                      **OF COUNSEL:**

John Shicobra Young
86-A-2673
Eastern NY Correctional Facility
Box 338
Napanoch, New York 12458
Plaintiff pro se

Hon. Eric T. Schneiderman          COLLEEN D. GALLIGAN, ESQ.
Attorney General for the           Assistant Attorney General
   State of New York
The Capitol
Albany, New York 12224
Attorney for Defendant

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se John Shicobra Young ("plaintiff"), an inmate who was, at all relevant times, in the custody of the New York Department of Corrections and Community Supervision ("DOCCS") brings this action pursuant to 42 U.S.C. § 1983, alleging that

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Deputy Superintendent for Security ("DSS") Anthony Russo – who, at all relevant times, was employed at Eastern Correctional Facility ("Eastern") – violated his constitutional rights under the Eighth and Fourteenth Amendments. Dkt. No. 2 ("Compl."). Presently pending before the Court is defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56. Dkt. No. 32. Plaintiff did not oppose the motion. For the following reasons, it is recommended that defendant's motion be granted.

## I. Background

## A. Plaintiff's Recitation of the Facts

The facts are related herein in the light most favorable to plaintiff as the nonmoving party. See subsection II.B. infra. Plaintiff contends that on December 28, 2015, an unnamed hearing officer found him guilty of three unidentified charges "for no reason," and sentenced him to 270 days in the special housing unit ("SHU").[2] Compl. at 3. At the disciplinary hearing, inmate Sullivan testified that plaintiff did not commit a sex offense, stalk, or threaten him. Id. Plaintiff alleges that the unnamed sergeant and hearing officer discriminated against him, "blamed" him, and found him guilty of the charges. Id. Plaintiff seems to suggest that, while in SHU, an unnamed corrections officer applied handcuffs too tight, resulting in injury to his wrist. Id.

---

[2] SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. COMP. CODES R. & REGS. tit 7, § 300.2(b). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

2

## B. Defendant's Recitation of the Facts

In support of this motion, defendant filed a Statement of Material Facts.[3]  Pursuant to DOCCS Directive 4932, DOCCS conducts disciplinary hearings to determine whether an inmate is guilty of violating prison rules.  Dkt. No. 32-1 at 1-2; Dkt. No. 32-2 ("Russo Decl.") ¶¶ 5, 6.  As Deputy Superintendent for Security, DSS Russo is designated to act as a hearing officer at Superintendent's ("Tier III") Hearings.  Dkt. No. 32-1 at 2; Russo Decl. ¶ 8. On December 17, 2015, Sergeant ("Sgt.") Menard issued plaintiff a misbehavior report alleging that he had engaged in a sex offense (101.10), stalking (101.22), and threats (102.10).  Dkt. No. 32-1 at 2; Russo Decl. ¶ 12.  On December 21, 2015, Commissioner's Hearing Officer ("CHO") Polizzi convened a Tier III disciplinary hearing. Dkt. No. 32-1 at 2; Russo Decl. ¶ 14.  On December 28, 2015, CHO Polizzi found plaintiff guilty of the charges, and sentenced plaintiff to 120 days SHU confinement.  Dkt. No. 32-1

---

[3]  Local Rule 7.1(a)(3) states:

Summary Judgment Motions

Any motion for summary judgment shall contain a Statement of Material Facts.  The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits.

The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute. Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.

N.D.N.Y. L.R. 7.1(a)(3).

at 2; Russo Decl. ¶ 15.  Defendant never applied handcuffs to plaintiff.  Dkt. No. 32-1 at 3; Russo Decl. ¶ 21.

## II. Discussion[4]

Plaintiff contends that DSS Russo confined him in SHU without due process in violation of the Fourteenth Amendment.  See Compl. at 3.  Plaintiff further alleges that DSS Russo subjected him to excessive force in violation of the Eighth Amendment when an unnamed corrections officer tightened plaintiff's handcuffs.  See id.  DSS Russo argues that plaintiff has failed to establish his personal involvement.  See Dkt. No. 32-3 ("Def. Mem. of Law") at 4-7.

### A. Failure to Respond

Plaintiff failed to oppose defendant's Motion for Summary Judgment.  Plaintiff was notified of the consequences of failing to respond to a summary judgment motion.  Dkt. Nos. 32 at 1-5, Dkt. No. 33.  Given this notice, plaintiff was adequately apprised of the pendency of defendant's motion and the consequences of failing to respond.  "Where a non-movant fails to adequately oppose a properly supported factual assertion made in a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute, even if that movant is proceeding *pro se*."  Jackson v. Onondaga Cty., 549 F. Supp. 2d 204, 209 (N.D.N.Y. 2008) (footnotes

---

[4] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

omitted).   However, if "the district court chooses to conduct such an independent review of the record, any verified complaint filed by the plaintiff should be treated as an affidavit." Id. at 210.   "[T]o be sufficient to create a factual issue for purposes of a summary judgment motion, an affidavit must, among other things, not be conclusory."   Id.   Even if a verified complaint is deemed nonconclusory, "it may be insufficient to create a factual issue where it is (1) largely unsubstantiated by any other direct evidence and (2) so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in the complaint."   Id. Plaintiff's complaint states, "I certify under penalty of perjury that the foregoing is true and correct."   Compl. at 7.   Therefore, as plaintiff's complaint is verified,[5] the undersigned will accept plaintiff's complaint as an affidavit to the extent that the statements are based on plaintiff's personal knowledge or are supported by the record.   See Berry v. Marchinkowski, 137 F. Supp. 3d 495, 530 (S.D.N.Y. 2005) (collecting cases to support the proposition that a court may consider an unsworn assertions on a motion for summary judgment where they are based on the plaintiff's personal knowledge and in light of special solicitude).

## B. Legal Standards

"A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[5] The fact that plaintiff's complaint is not notarized is immaterial under 28 U.S.C. § 1746.  See Hameed v. Pundt, 964 F. Supp. 836, 840-41 (S.D.N.Y. 1997) (deeming an unnotarized document admissible in support of a summary judgment motion so long as that document contains the statement "I declare under penalty of perjury that the foregoing is true and correct.").

FED. R. CIV. P. 56(a).  The moving party has the burden of showing the absence of disputed material facts by providing the Court with portions of "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which support the motion.  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it may affect the outcome of the case as determined by substantive law, such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In determining whether summary judgment is appropriate, [the Court will] resolve all ambiguities and draw all reasonable inferences against the moving party." Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

To avoid summary judgment, a non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Carey v. Crescenzi, 923 F.2d 18, 19 (2d Cir. 1991) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)) (internal quotation marks omitted).  A non-moving party must support such assertions by evidence showing the existence of a genuine issue of material fact. See id.  "When no rational jury could find in favor of the non-moving party because the evidence to support is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Services, Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated,

6

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally," . . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

## C. Personal Involvement

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. See id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if

> (1) the defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;

7

> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).[6]  Assertions of personal involvement that are merely speculative are insufficient to establish a triable issue of fact.  See e.g., Brown v. Artus, 647 F. Supp. 2d 190, 200 (N.D.N.Y. 2009).

Even construing plaintiff's allegations liberally, the undersigned finds that plaintiff has not adequately demonstrated DSS Russo's personal involvement in the alleged denial of plaintiff's constitutional rights.  Nowhere in his complaint does plaintiff mention what role DSS Russo played in the alleged events that would give rise to any personal involvement in the action.  As to plaintiff's alleged due process claim, DSS Russo declared that he had "no involvement whatsoever" in plaintiff's December 28, 2015 Tier III disciplinary or in the imposition of SHU confinement as a result of that hearing.  Russo Decl. ¶¶ 17, 18.  Although, DSS Russo may, at the Superintendent's discretion, be appointed to conduct a Superintendent's hearing, Russo Decl. at 13, DOCCS records demonstrate that CHO Polizzi conducted the December 2015 Tier III hearing.  Id. at 24, 28.  There is no indication

---

[6] Various courts in the Second Circuit have postulated how, if at all, the Iqbal decision affected the five Colon factors which were traditionally used to determine personal involvement.  Pearce v. Estate of Longo, 766 F. Supp. 2d 367, 376 (N.D.N.Y. 2011), rev'd in part on other grounds sub nom., Pearce v. Labella, 473 F. App'x 16 (2d Cir. 2012) (summary order) (recognizing that several district courts in the Second Circuit have debated Iqbal's impact on the five Colon factors); Kleehammer v. Monroe Cnty., 743 F. Supp. 2d 175 (W.D.N.Y. 2010) (holding that "[o]nly the first and part of the third Colon categories pass Iqbal's muster . . . ."); D'Olimpio v. Crisafi, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010) (disagreeing that Iqbal eliminated Colon's personal involvement standard).

that DSS Russo oversaw or even knew of the December 2015 hearing.  Further, his position of authority in the prison system does not automatically trigger his liability.  See Brooks v. Chappius, 450 F. Supp. 2d 220, 225 (W.D.N.Y. 2006) (quoting Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003)) ("[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim.").  Thus, plaintiff has failed to establish that DSS Russo was personally involved in any alleged due process violation.

As to plaintiff's alleged excessive force claim, DSS Russo declared that, although he is "responsible for the overall security of the facility," he is "not responsible [ ] for applying mechanical restraints (handcuffs) to inmates housed in the Special Housing Unit or any other housing unit at Eastern." Id. ¶ 20.  Additionally, DSS Russo declared that he never applied handcuffs to plaintiff. Id. ¶ 21.  Plaintiff has not proffered evidence that DSS Russo knew of the alleged violation and failed to remedy the wrong, created a policy or custom of tightening handcuffs, was grossly negligent in supervising the unnamed corrections officer, or acted deliberately indifferent to plaintiff's rights.  See Colon, 58 F.3d at 873.  Thus, plaintiff has failed to establish that DSS Russo was personally involved in any alleged excessive force claim.

Accordingly, it is recommended that defendant's motion be granted, and that all claims against DSS Russo be dismissed with prejudice for lack of personal involvement.  See Liner v. Goord, 310 F. Supp. 2d 550, 554 (W.D.N.Y. 2004) (dismissing the plaintiff's claims against for lack of personal involvement with prejudice).

9

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby:

**RECOMMENDED**, that defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P 56 (Dkt. No. 32) be **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff John Shicobra Young's complaint (Dkt. No. 2) be **DISMISSED** in its entirety, with prejudice; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 6(a), 6(e), 72.[7]

Dated: March 19, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).